UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ARMADILLO GLASS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-09-362 |
| | § | |
| EMMEGI U.S.A. INC., *et al*, | § | |
| | § | |
| Defendants. | § | |

## OPINION & ORDER

Pending before the Court is Defendant Emmegi USA, Inc.'s ("Emmegi") motion to dismiss for lack of personal jurisdiction (Doc. 4), as well Plaintiff Armadillo Glass, Inc.'s ("Armadillo") response (Doc. 16), Emmegi's reply (Doc. 17), and Armadillo's request for oral hearing (Doc. 19). Also before the Court is Defendant Roadway Express' ("Roadway") motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 5). Finally, before the Court is Roadway's motion for partial summary judgment (Doc. 20) and memorandum in support (Doc. 21). Upon review and consideration of these motions, the relevant legal authority, and for the reasons explained below, the Court finds that Defendant Emmegi's motion to dismiss for lack of personal jurisdiction (Doc. 4) should be granted, Defendant Roadway's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 5) should be denied as moot, and Roadway's motion for partial summary judgment (Doc. 20) should be granted.


I. Background and Relevant Facts

On December 8, 2008, Plaintiff Armadillo filed suit against Emmegi and Roadway in the 61st Judicial District Court of Harris County, Texas (Cause No. 2008-72251) alleging claims for breach of warranty, breach of contract, deceptive trade practices, breach of bailment, and

negligence.  (Doc. 1-1.)  Defendant Emmegi subsequently removed the action to this Court on

February 9, 2009 (Doc. 1), based on diversity jurisdiction.  28 U.S.C. §§ 1332(a)(1), 1441, and

1446.  Plaintiff Armadillo's second amended petition was filed on June 19, 2009.  (Doc. 15.)

　　　　Armadillo is a Texas corporation that purchased a Twin Electra 4 Meter Saw (hereinafter

the "saw") from Emmegi on August 12, 2008, for the sum of $89,500.00.  (Doc. 15 at 3, 9.)

Emmegi, a New Jersey corporation, packed the saw for shipping in New Jersey and delivered it

into the possession of Defendant Roadway, an Ohio corporation, for shipment to Plaintiff

Armadillo in Texas.  (*Id.* at 3.)  The saw arrived in damaged condition and Armadillo initially

refused to accept delivery.  (*Id.*)  After notifying Defendant Emmegi of the damage, Emmegi

promised Armadillo that if it accepted delivery, Emmegi would rectify the situation.  (*Id.*)

Thereafter, Plaintiff Armadillo accepted delivery of the damaged saw but alleges that Emmegi

did not repair or replace the saw.  (*Id.* at 5.)  The damaged saw remains at Armadillo's

warehouse.  (*Id.*)

　　　　According to the terms of the contract, sale of the saw to Armadillo was "Ex-Works New

Jersey."  (Doc. 4-1 at 10.)  "Ex-Works (named place)" is an international commercial term

("incoterm") defined by the International Chamber of Commerce as simply requiring that the

seller make the goods available at its premises.  International Chamber of Commerce, Incoterms

(1990).  Emmegi therefore contends that Armadillo took title to the saw in New Jersey and that

the risk of loss also passed to Armadillo at that time.  (Doc. 4 at 2.)  Further, Emmegi argues that

because Plaintiff Armadillo bought the saw in New Jersey and selected Defendant Roadway as

the shipper, Emmegi lacks minimum contacts with Texas and therefore must be dismissed from

the suit pursuant to Federal Rule of Civil Procedure 12(b)(2).  (Doc. 4 at 1; Letter of

authorization, Doc. 4-3 at 2.)

Defendant Roadway moves to be dismissed from the suit pursuant to Fed. R. Civ. P. 12(b)(6).  (Doc. 5 at 1.)  Roadway contends it is a motor carrier for hire in the business of transporting goods in interstate commerce.  (*Id.*)  As such, Roadway argues that the Carmack Amendment, 49 U.S.C. § 14706, is the exclusive remedy available to Plaintiff Armadillo and that Armadillo's common law claims for bailment, negligence, and attorney's fees against Roadway must be dismissed.  Armadillo subsequently amended its complaint against Roadway, pleading a violation of the Carmack Amendment and dropping its common law claims.  (Doc. 15 at 6.)  Roadway further moves for partial summary judgment to limit its potential liability to Plaintiff Armadillo to the actual loss or damage to the cargo as a matter of law.  (Doc. 20 at 1.) Roadway also requests that the Court deny Armadillo's claim for attorneys' fees.  (*Id.*)

## II.  Legal Standards

### A.  Motion to Dismiss for Lack of Personal Jurisdiction

Rule 12(b)(2) of the Federal Rules of Civil Procedure authorizes the filing of a motion to dismiss in cases where the court lacks personal jurisdiction.  Fed. R. Civ. P. 12(b)(2).  Federal courts use a two-part test to determine personal jurisdiction.  "A federal district court sitting in diversity may exercise jurisdiction over a foreign defendant if (1) the long-arm statute of the forum state creates personal jurisdiction over the defendant; and (2) the exercise of personal jurisdiction is consistent with the due process guarantees of the United States Constitution." *Revell v. Lidov*, 317 F.3d 467, 469 (5th Cir. 2002) (citing *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999)).  The Fifth Circuit has determined that the Texas long-arm statute is "coextensive with the federal constitutional limits of due process and normally generates an inquiry limited to the scope of the Fourteenth Amendment's Due Process Clause." *Stroman*

*Realty, Inc. v. Wercinski*, 513 F.3d 476 (5th Cir. 2008) (citing *Religious Tech. Ctr. v. Liebreich*, 339 F.3d 369, 373 (5th Cir. 2003)).

In determining whether a federal district court may exercise personal jurisdiction over a nonresident defendant, the court concentrates on whether the defendant has "minimum contacts" with the forum state so as not to offend "traditional notions of fair play and substantial justice." *International Shoe v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).   Minimum contacts may be established through specific personal jurisdiction or general personal jurisdiction.  If a cause of action arises out of a defendant's purposeful contacts with the forum state, minimum contacts are established, and the court may exercise specific personal jurisdiction. *Dalton v. R & W Marine, Inc.*, 897 F.2d 1359, 1361 (5th Cir. 1990) (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980)).  "Even a single, substantial act directed toward the forum can support specific jurisdiction." *Dalton*, 897 F.2d at 1361 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985)).  There must, however, be some act by which the nonresident defendant "purposefully availed himself of the benefits and protections of the forum state's laws, so as reasonably to anticipate being haled into court there."  *Dalton*, 897 F.2d at 1361 n. 1 (citing *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).

When deciding whether to exercise specific jurisdiction over a nonresident defendant, the Court must find that (1) the defendant purposefully directed his activities toward the forum state; (2) the cause of action arises out of or results from those contacts; and (3) the exercise of personal jurisdiction comports with fair play and substantial justice. *Burger King Corp.*, 471 U.S. at 463. *Burger King* is instructive on the first element of specific jurisdiction.  Jurisdiction is proper when the contacts "proximately result from actions by the defendant himself that create

a 'substantial connection' with the forum state." *Burger King Corp.*, 471 U.S. at 475 (citing *McGee v. International Life Insurance Co.,* 355 U.S. 220, 223 (1957); *Kulko v. Superior Court of California In and For City and County of San Francisco*, 436 U.S. 84, 94 n. 7 (1978)).   As *Burger King* went on to explain, if the defendant has deliberately engaged in significant activities within the forum state, or has created "continuing obligations" between himself and forum state residents, then "he manifestly has availed himself of the privilege of conducting business there, and because his activities are shielded by 'the benefits and protections' of the forum's laws it is presumptively not unreasonable to require him to submit to the burdens of litigation in that forum as well."   *Burger King Corp.*, 471 U.S. at 475–76 (citing *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 (1984); *Travelers Health Ass'n. v. Com. of Va. ex rel. State Corp. Com'n*, 339 U.S. 643, 648 (1950)).

With respect to the second element of specific jurisdiction, "[w]hen a controversy is related to or 'arises out of' a defendant's contacts with the forum, the Court has said that a 'relationship among the defendant, the forum, and the litigation' is the essential foundation of in personam jurisdiction."   *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984) (citing *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977)).   For the third element of specific jurisdiction, if the plaintiff establishes minimum contacts between the nonresident defendant and the forum state, the burden then shifts to the defendant to show that it would be unfair and unreasonable for the court to exercise jurisdiction.   *Walk Haydel & Associates, Inc. v. Coastal Power Production Co.*, 2008 WL 315293, at *8 (5th Cir. 2008) (quoting *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 215 (5th Cir. 1999)).   Courts must consider the following five factors in determining whether it is fair and just to exercise personal jurisdiction over a defendant: "(1) the burden upon the nonresident defendant; (2) the interests of the forum state; (3) the plaintiff's

interest in securing relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the several States in furthering fundamental substantive social policies." *Moreno v. Poverty Point Produce, Inc.*, 243 F.R.D. 265, 272 (S.D. Tex. 2007) (quoting *Sarmiento v. Producer's Gin of Waterproof, Inc.*, 439 F. Supp. 2d 725, 730 (S.D. Tex. 2006) (citing *Central Freight Lines*, 322 F.3d at 376)).

If a cause of action does not arise out of a nonresident defendant's purposeful contacts with the forum state, "due process requires that the defendant have engaged in 'continuous and systematic contacts' in the forum to support the exercise of 'general' jurisdiction over that defendant." *Dalton*, 897 F.2d at 1362 (citing *Helicopteros*, 466 U.S. 408). For a court to exercise general personal jurisdiction, the plaintiff must show that the minimum contacts between the nonresident defendant and the forum state are of a "more extensive quality and nature" than those required for specific personal jurisdiction. *Dalton*, 897 F.2d at 1362 (citing *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437 (1952)).

The plaintiff has the burden of making a *prima facie* showing that the court indeed has personal jurisdiction over a nonresident defendant. *Revell*, 317 F.3d at 469. In deciding whether it has personal jurisdiction, the court may consider "affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery." *Id.* (citing *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985)). Additionally, the court "must accept the plaintiff's 'uncontroverted allegations, and resolve in [its] favor all conflicts between the facts contained in the parties' affidavits and other documentation.'" *Id.* (citing *Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000)).

B.  Summary Judgment Standard

A party moving for summary judgment must inform the court of the basis for the motion

and identify those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  The substantive law governing the suit identifies the essential elements of the claims at issue and therefore indicates which facts are material.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The initial burden falls on the movant to identify areas essential to the nonmovant's claim in which there is an "absence of a genuine issue of material fact."  *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005).  If the moving party fails to meet its initial burden, the motion must be denied, regardless of the adequacy of any response.  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*).  Moreover, if the party moving for summary judgment bears the burden of proof on an issue, either as a plaintiff or as a defendant asserting an affirmative defense, then that party must establish that no dispute of material fact exists regarding all of the essential elements of the claim or defense to warrant judgment in his favor.  *Fontenot v. Upjohn*, 780 F.2d 1190, 1194 (5th Cir. 1986) (the movant with the burden of proof "must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor") (emphasis in original).

Once the movant meets its burden, however, the nonmovant must direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial.  *Celotex*, 477 U.S. at 323–24.  The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts."  *Matsushita Electric Indust. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (citing *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)).  Instead, the nonmoving party must produce evidence upon which a jury could

reasonably base a verdict in its favor.  *Anderson*, 477 U.S. at 248; *see also DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).  To do so, the nonmovant must "go beyond the pleadings and by [its] own affidavits or by depositions, answers to interrogatories and admissions on file, designate specific facts that show there is a genuine issue for trial."  W*ebb v. Cardiothoracic Surgery Assoc. of North Texas, P.A.*, 139 F.3d 532, 536 (5th Cir.1998).  Unsubstantiated and subjective beliefs and conclusory allegations and opinions of fact are not competent summary judgment evidence.  *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998); *Grimes v. Texas Dept. of Mental Health and Mental Retardation*, 102 F.3d 137, 139–40 (5th Cir. 1996); *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992), *cert. denied*, 506 U.S. 825 (1992).  Nor are pleadings summary judgment evidence.  *Wallace v. Tex. Tech Univ.*, 80 F.3d 1042, 1046 (5th Cir. 1996) (citing *Little*, 37 F.3d at 1075).  The nonmovant cannot discharge his burden by offering vague allegations and legal conclusions.  *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992); *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 889 (1990).  Nor is the court required by Rule 56 to sift through the record in search of evidence to support a party's opposition to summary judgment.  *Ragas v. Tennessee Gas Pipeline Co*., 136 F.3d 455, 458 (5th Cir. 1998) (citing *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n.7 (5th Cir. 1992)).

Nevertheless, all reasonable inferences must be drawn in favor of the nonmoving party.  *Matsushita*, 475 U.S. at 587–88; *see also Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003).  Furthermore, the party opposing a motion for summary judgment does not need to present additional evidence, but may identify genuine issues of fact extant in the summary judgment evidence produced by the moving party.  *Isquith v. Middle*

*South Utilities, Inc.*, 847 F.2d 186, 198–200 (5th Cir. 1988).  The nonmoving party may also identify evidentiary documents already in the record that establish specific facts showing the existence of a genuine issue.  *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990).


III.  Discussion

As Plaintiff impliedly concedes (Doc. 16), the Court lacks general jurisdiction over Emmegi since it does not have continuous and systematic contacts with Texas.  *Helicopteros*, 466 U.S. at 414–16.  It is undisputed that Emmegi does not have business operations, offices, employees, a registered agent for service of process, a license to conduct business or ownership of real property in Texas.  Here there is only an "Order Confirmation" for the saw between Emmegi and Armadillo.  (Doc. 4-1 at 6–11.)  However, "the existence of a contractual relationship, although relevant, does not automatically establish sufficient minimum contacts." *Dickson Marine, Inc. v. Panalpina, Inc.*, 179 F.3d 331, 337 (5th Cir. 1999), citing *Burger King*, 471 U.S. at 478.

Instead, Armadillo appears to argue that this Court should exercise specific personal jurisdiction over Emmegi because "Emmegi sent its representative to Houston to inspect the [damaged] Saw."  (Doc. 16 at 2.)  Inspection of the saw, however, is insufficient to confer personal jurisdiction.  *See Id.* at 337–38 (holding that a nonresident's contract to coordinate repair of a vessel chartered by a Louisiana resident did not give rise to sufficient minimum contacts with the forum state to warrant the exercise of specific jurisdiction); *Chung v. NADA Dev. Corp.*, 783 F.2d 1124, 1129 (4th Cir. 1986) ("If a party's slightest gesture of accommodation were to impose personal jurisdiction, commercial dealings would soon turn

obliging and brusque.  . . . .  Concepts of *in personam* jurisdiction should not be structured to manufacture minimum contacts from every amenable act.").

Defendant Roadway argues that under 49 U.S.C. § 14706 *et seq.*, i.e., the Carmack Amendment, it cannot be held liable for any incidental or consequential damages, or attorneys' fees.  (Doc. 21 at 2.)  The Carmack Amendment does not modify the traditional common law rule that special or consequential damages are not usually recoverable in a breach of contract action.  *See Contempo Metal Furniture Co. v. E. Tex. Motor Freight Lines, Inc.*, 661 F.2d 761, 765 (9th Cir. 1981).  Special damages are those that a carrier could not reasonably foresee as the ordinary consequence of a breach at the time the contract was made.  *Id.*  "Damage is foreseeable by the carrier if it is the proximate and usual consequence of the carrier's action."  *Hector Martinez & Co. v. Southern Pacific Transp. Co.*, 606 F.2d 106, 108–11 (5th Cir. 1979) (citing 11 Williston on Contracts, supra s 1344, at 226), *cert. denied*, 446 U.S. 982 (1980).  In the absence of "actual notice to the defendant of special circumstances from which such damages might arise[,]" the plaintiff typically cannot recover such damages.  *Nat'l Hispanic Circus, Inc. v. Rex Trucking, Inc.*, 414 F.3d 546, 549 (5th Cir. 2005) (citing *Hector Martinez & Co.*, 606 F.2d at 109).  In this case, there is no evidence suggesting that Roadway had notice of any special circumstances that could make it liable for consequential damages.  (*See* Bill of Lading, Doc. 21-1.)  Attorneys' fees are likewise not available in an action under the Carmack Amendment.  *Accura Systems, Inc. v. Watkins Motor Lines, Inc.*, 98 F.3d 874, 876 (5th Cir. 1996) (holding that "attorneys' fees authorized by state law are not available in Carmack Amendment actions.").

## IV.  Conclusion

Accordingly, the Court hereby ORDERS that Defendant Emmegi's motion to dismiss for

lack of personal jurisdiction (Doc. 4) is GRANTED and Plaintiff Armadillo's request for oral

hearing (Doc. 19) is MOOT.  It is further

     ORDERED that Defendant Roadway's motion to dismiss pursuant to Fed. R. Civ. P.

12(b)(6) (Doc. 5) is MOOT.  It is further

     ORDERED that Defendant Roadway's motion for partial summary judgment (Doc. 20) is

GRANTED.

     SIGNED at Houston, Texas, this 7th day of April, 2010.

                                      MELINDA HARMON
                               UNITED STATES DISTRICT JUDGE